THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| DIANE COWAN *et al.*, <br><br> Plaintiff, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> BOLIVAR COUNTY BOARD OF EDUCATION *et al.*, <br><br> Defendants. | Civil Action No. 2:65-CV-00031-GHD <br> (previously DC 6531-K) |

**UNITED STATES' MOTION FOR FURTHER RELIEF**

The United States hereby moves for further relief leave in the above-captioned matter for the purpose of enforcing the operative desegregation orders that govern the Cleveland School District ("Cleveland" or "the District"). As grounds for its motion to intervene the United States asserts the following facts, which are more fully set forth in the accompanying memorandum of law:

1. On July 24, 1969, this Court permanently enjoined the District "from discriminating on the basis of race or color in the operation of [the District]" and ordered the District to "take affirmative action to disestablish all school segregation and to eliminate the effects of the dual school system." Order, Cowan v. Bolivar Cnty. Bd. of Educ., Civil Action No. DC 6531-K (N.D. Miss. July 24, 1969) ("1969 Order") at 1.

2. The 1969 Order established seven attendance zones, and required that "each student in all grades 1 through 12 shall be assigned to attend the school in the zone in which he resides." Id. at 3.

3. The 1969 Order also mandated "for the 1970-71 school year and thereafter there shall be full faculty and staff desegregation, to such an extent that the faculty at each school is not identifiable to the race of the majority of the students at any such school." Id. at 4.

4. The 1969 Order further required that "[t]he defendants, to the extent consistent with the proper operation of the school system as a whole, shall locate any new school and substantially expand any existing schools with the objective of eradicating the vestiges of the dual school system." Id. at 5.

5. After the District failed to desegregate its schools pursuant to the 1969 Order, the United States and the District entered into a consent order in 1989 (the "1989 Consent Order"), which elaborated substantially on the student assignment and faculty/staff requirements set forth in the 1969 Order, and modified the attendance zones established in the 1969 Order. See Consent Order, Cowan v. Bolivar Cnty. Bd. of Educ., Civil Action No. DC 6531-K (N.D. Miss. Sept. 21, 1989) (hereafter "1989 Consent Order").

6. The 1989 Consent Order expressly states that "[t]he Cleveland School District shall not engage in any conduct or activity that will reestablish the dual school structure." Id. at 17.

7. Under the heading "Faculty/Professional Staff Desegregation," the 1989 Consent Order further provides that "[t]here shall be full faculty and professional staff desegregation at each school operated by the school district, so that the faculty and professional staff at each school is not racially identifiable." Id. at 2.

8. This Court has never held, and Cleveland has never asserted, that the District has satisfied the legal requirements for unitary status, such that the desegregation orders governing the District should be dissolved.

9. On September 12, 2006, the United States initiated a periodic review of the District to determine whether the District was complying with the extant desegregation orders and federal law; as part of this review, the United States sent the District several requests for information and conducted a site visit from May 11-14, 2008.

10. The District's responses to the requests for information, as well as information obtained by the United States during its site visit, revealed numerous actual or potential violations of the District's desegregation obligations, including significant violations in the areas of student assignment and faculty assignment.

11. With respect to student assignment, nearly every school in the District is racially identifiable as a "black" or "white" school. The racial identity of these schools today is directly traceable to the respective school's racial identity in the de jure system of segregated schools that existed in Cleveland prior to the 1969 Order.

12. With respect to faculty assignment, the percentage of black teachers is disproportionately high in racially identifiable black schools, and disproportionately low in racially identifiable white schools.

13. Based on these violations, the United States has determined that the District has failed to make good faith efforts to eliminate the vestiges of its former dual system, in violation of the operative desegregation orders in this case, the Fourteenth Amendment to the United States Constitution, and Title IV of the Civil Rights Act of 1964.

Wherefore, the United States respectfully requests that the Court find the District in violation of the 1969 Order and the 1989 Order, and award the United States the requested relief set forth in the proposed order attached to this motion.

Dated: May 2, 2011                                          Respectfully submitted,

| | |
|---|---|
| JOHN MARSHALL ALEXANDER | THOMAS E. PEREZ |
| United States Attorney | Assistant Attorney General |
| Northern District of Mississippi | |
| 900 Jefferson Avenue | /s/ Jonathan Fischbach |
| Oxford, MS  38655-3608 | ANURIMA BHARGAVA |
| Telephone:    (662) 234-3351 | JONATHAN FISCHBACH |
| Facsimile:     (662) 234-4818 | JOSEPH J. WARDENSKI |
| | United States Department of Justice |
| | Civil Rights Division |
| | 950 Pennsylvania Avenue, NW, PHB 4300 |
| | Washington, D.C.  20530 |
| | Telephone:    (202) 514-4092 |
| | Facsimile:     (202) 514-8337 |
| | Anurima.Bhargava@usdoj.gov |
| | Jonathan.Fischbach@usdoj.gov |
| | Joseph.Wardenski@usdoj.gov |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2011, I served copies of the United States' Motion for Further Relief and Proposed Order to counsel of record by electronic service through the court's electronic filing system, otherwise via electronic or overnight mail, addressed to:

**Jamie F. Jacks, Esq.**
JACKS, ADAMS & NORQUIST, P.A.
150 N. Sharpe Avenue
P.O. Box 1209
Cleveland, MS 38732
Telephone: (662) 843-6171
Fax: (662) 843-6176

Attorney for the Defendant,
Cleveland School District

**Ellis Turnage, Esq.**
TURNAGE LAW OFFICE
P.O. Box 216
Cleveland, MS 38732

Attorney for private plaintiffs,
Cowan, *et al.*

     /s/ Joseph J. Wardenski
     JOSEPH J. WARDENSKI (NY Bar #4595120)