THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| DIANE COWAN *et al.*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| UNITED STATES OF AMERICA, | ) Civil Action No. 2:65-CV-00031-GHD<br>) (previously DC 6531-K) |
| Plaintiff-Intervenor, | )<br>) |
| v. | )<br>) |
| BOLIVAR COUNTY BOARD OF<br>EDUCATION *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER**

This case originated on July 24, 1965, when private plaintiffs filed a complaint against the Cleveland School District ("Cleveland" or "District"). On July 24, 1969, the Court issued an order enjoining the District "from discriminating on the basis of race or color in the operation of said School District Number Four of Bolivar County.[1] As hereinafter set out, [the District] shall take affirmative action to disestablish all school segregation to eliminate the effects of the dual school system." Order at 1, Cowan v. Bolivar Cnty. Bd. of Educ., Civil Action No. DC 6531-K (N.D. Miss. Jul. 24, 1969) (hereafter "1969 Order"). The Order further provides that "for the 1970-71 school year and thereafter there shall be full faculty and staff desegregation, to such an extent that the faculty at each school is not identifiable to the race of the majority of the students at any such school." Id. at 4.

---

[1] In older pleadings and orders filed when the Cleveland School District was joined as a defendant with other school districts in Bolivar County, the Cleveland School District was identified as "Bolivar County District No. 4".

On March 19, 1985, the Court granted the United States' motion to intervene in this lawsuit as a plaintiff-intervenor. The United States and the District negotiated a Consent Order that was entered by the Court on September 21, 1989. See Consent Order, Cowan v. Bolivar Cnty. Bd. of Educ., Civil Action No. DC 6531-K (Sept. 21, 1989) (hereafter "1989 Consent Order"). The 1989 Consent Order states that "[t]he Cleveland School District shall not engage in any conduct or activity that will reestablish the dual school structure." Id. at 17. Additionally, the Consent Order obligates the District to take affirmative steps to encourage students to attend schools where they would be in the racial minority:

> Whenever there shall exist schools containing a majority of either black or white students, the school district shall encourage and permit a student (black or white) attending a school in which his or her race is in the majority to choose to attend another school where his/her race is in the minority.

Id. at 4.

With respect to faculty and staff assignment, the Consent Order mandates that

> [t]here shall be full faculty and professional staff desegregation at each school operated by the school district, so that the faculty and professional staff at each school is not racially identifiable. Specifically, the faculty and professional staff at each school to the extent feasible shall reflect the districtwide ratio of minority and nonminority faculty and professional staff.

1989 Consent Order at 2. The Consent Order further provides that "[i]n the event voluntary transfers are insufficient to achieve the required desegregation of the faculty, staff, and administrators for the remainder of the district's schools, reassignments will be made at the beginning of the 1990-1991 school year." Id. at 4.

These Orders still govern the Cleveland School District today. Cleveland has never petitioned the Court to dissolve the extant desegregation orders and declare the District unitary.

On September 12, 2006, the United States initiated a periodic review of the Cleveland School District to ascertain whether the District was complying with the extant desegregation orders and federal law. In the course of this review the United States issued several requests for information and conducted a site visit from May 11-14, 2008. Subsequent to this site visit, the United States issued the District a notice of violations letter and requested that the District take steps to comply with the governing desegregation orders and federal law. The District responded with a letter asserting that it was in compliance with its desegregation obligations.

In April 2011, the United States filed a motion for further relief, asserting two violations of the operative desegregation orders and federal law.[2] First, the United States alleges that the District has failed to dismantle racially identifiable and one-race schools that are vestiges of Cleveland's former dual school system, in violation of the 1969 Order, the 1989 Consent Order and federal law. Indeed, the record indicates that while most schools in the District are within 2.5 miles of each other, seven of the District's ten schools are either once-race black schools or racially-identifiable majority white schools. Significantly, the racial identity of these schools is traceable to the District's former dual school system. The District's all-black schools were black schools by law prior to the 1969 Order, while the schools that are currently racially identifiable white schools used to be white schools by law.

The United States also alleges that Cleveland has reinforced the racial identity of its schools through the race-based assignment of faculty and staff to District schools.

Having confirmed the existence of these practices, which violate the extant desegregation orders and federal law, the Court ORDERS, ADJUDGES AND DECREES the following:

---

[2] The United States has reserved its right to seek further relief to remedy other violations of the operative desegregation orders not expressly raised in this motion.

3

1.     Cleveland shall devise a Desegregation Plan ("Plan") to fully dismantle its racially identifiable and one-race schools by the beginning of the 2012-2013 academic year. Cleveland shall file this Plan with the Court no later than June 31, 2011. The Plan shall adhere to each requirement set forth below:

    a. The Plan shall ensure that the racial composition of each school in the District is within 15% of the racial composition of the District's student population at each school-level (i.e., each elementary school shall be within +- 15% of the elementary school population).

    b. The Plan shall establish school attendance zones that comport with the requirements above, and strictly require that all students attend the school located in their residential zone subject to the limited exceptions set forth in 1(c) below.

    c. The Plan shall establish an Intra-District Transfer Policy that prohibits all intra-district transfers unless the student-applicant satisfies one of the following four criteria:

        i. The health or safety of the student is in jeopardy, and a transfer to the receiving school is necessary to ameliorate the medical or security risks arising from the student's condition;

        ii. The student requires a transfer due to a substantial non-medical hardship;

        iii. The student's parent is a full-time employee at the receiving school; or

        iv. The student is transferring from a school where he/she is in the racial majority to a school where he/she is in a racial minority.

    d. The Plan shall deny all inter-district transfer requests that would impede desegregation.

4

    e.    The Plan shall establish a faculty and staff assignment policy that prohibits the assignment of certified and non-certified staff members to schools in a manner that creates or reinforces the racial identity of any of the District's schools.

2. Once Cleveland files its Plan, the United States shall have forty (40) days to review the Plan and confer with Cleveland to resolve any objections to the Plan. If the United States and Cleveland are unable to agree on a Plan, the United States shall file written objections within thirty (30) days of the expiration of the resolution period.

3. If necessary, the Court will schedule a hearing to resolve the United States' objections to the Plan.

4. Once the Court approves a Desegregation Plan, Cleveland shall implement the Desegregation Plan prior to the commencement of the 2012-2013 academic year.

5. All Orders not inconsistent herewith remain in full force and effect.

ORDER entered into and approved on this _____ day of _____, 2011.


_____
United States District Judge