IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| **DIANE COWAN, et al.** | **PLAINTIFFS** |
| **and** | |
| **UNITED STATES OF AMERICA** | **PLAINTIFF-INTERVENOR** |
| v. | Civil Action No. 2:65-CV-00031-GHD<br>(previously DC 6531-K) |
| **BOLIVAR COUNTY BOARD OF EDUCATION, et al.** | **DEFENDANTS** |

**RESPONSE OF THE CLEVELAND SCHOOL DISTRICT
TO THE OBJECTIONS OF THE DEPARTMENT OF JUSTICE**

The Cleveland School District submits this response to the objections of the Department of Justice.

The District's response is contained in the attached Second Supplemental Report of Dr. Christine Rossell. Exhibit A. The plan proposed by Dr. Rossell involves additional magnet programs that have a demonstrated track-record of success. Dr. Rossell's report makes clear that the mandatory reassignment plan suggested by the Department of Justice will not promote further integration of the District's schools.

Dr. Rossell's report can be summarized as follows:

1. The District has made a good-faith effort to integrate its schools using the neighborhood school choice plan concept and the magnet school concept approved by all prior courts in this case.

2. In Dr. Rossell's opinion, these and other efforts have resulted in a unitary District with levels of integration higher than several other Districts already declared unitary.

3. Because the District is seventy percent black, there are not enough white students enrolled in the District's schools to racially balance the east side schools through a mandatory assignment program.

4. Moreover, a mandatory reassignment plan would turn the District into an all-black school district consistent with the rest of the Mississippi Delta. Dr. Rossell's report outlines in detail the "tragedy of mandatory reassignment plans." She provides analysis of several districts, including Hattiesburg, Natchez, and Indianola. Because of mandatory reassignment, these schools now have "a unitary school system that is all black."

5. In contrast, the proposed "program within a school magnets" are the only chance the District has of improving integration at the East Side secondary schools. These programs have the real possibility of attracting whites from the private schools and from schools within the District.

Accordingly, the District urges the Court to approve its proposed desegregation plan.

Respectfully submitted, this 3rd day of October 2012.

**CLEVELAND SCHOOL DISTRICT**

/s/ John S. Hooks

OF COUNSEL:

Holmes S. Adams
Mississippi Bar No. 1126
John S. Hooks
Mississippi Bar No. 99175
Lindsey N. Oswalt
Mississippi Bar No. 103329
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
T: 601.353.3234
F. 601.355 9708
holmes.adams@arlaw.com
john.hooks@arlaw.com
lindsey.oswalt@arlaw.com

Gerald H. Jacks
Mississippi Bar No. 3232
Jamie F. Jacks
Mississippi Bar No. 101881
Jacks, Adams & Norquist, P.A.
150 N. Sharpe Avenue
Post Office Box 1209
Cleveland, MS 38732
T: 662.843.6171
F: 662.843.6176
gjacks@jacksadamsnorquist.com
jjacks@jacksadamsnorquist.com

## CERTIFICATE OF SERVICE

  I hereby certify that on October 3, 2012, I served copies of the above document to counsel of record by electronic service through the court's electronic filing system, otherwise via electronic or first class mail, postage pre-paid to:

Ellis Turnage
Turnage Law office
P.O. Box 216
Cleveland, MS 38732
eturnage@tecinfo.com

Anurima Bhargava
Jonathan Fischbach
Joseph J. Wardenski
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW PHB 4300
Washington, D.C. 20530
Anurima.Bhargava@usdoj.gov
Jonathan.Fischbach@usdoj.gov
Joseph.Wardenski@usdoj.gov


This 3rd day of October 2012.


                /s/ John S. Hooks