IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| DIANE COWAN, minor, by her mother and next friend, Mrs. Alberto Johnson, et al.; and FLOYD COWAN, Jr., minor, by his mother and next friend, Mrs. Alberto Johnson, et al. | PLAINTIFFS |
| and | |
| UNITED STATES OF AMERICA | PLAINTIFF-INTERVENOR |
| v. | CIVIL ACTION NO. 2:65-CV-00031-GHD |
| BOLIVAR COUNTY BOARD OF EDUCATION, et al. | DEFENDANTS |

## ORDER DENYING GOVERNMENT'S MOTION TO ALTER OR AMEND JUDGMENT

Presently before the Court is the Government's motion to alter or amend the Court's Judgment [80], as well as the parties' submissions relative to pre-enrollment data submitted by Cleveland School District in response to the Court's Order to submit the same. Upon due consideration, the Court finds as follows.

On January 24, 2013, this Court ordered the abolishment of Cleveland School District's junior high and high school attendance zones, the establishment of an open-enrollment program for the District's junior-high school students and high school students, and the implementation of a pre-enrollment program to project enrollment for the 2013–2014 school year in the District's junior high schools and high schools. On February 21, 2013, the Government filed a motion to alter or amend the Court's judgment. The District filed a response, and the Government filed a reply. Subsequently, the District submitted the pre-enrollment data for the 2013–2014 school year, the Government filed a response, and the District filed a reply.

1

After considering the motion, response, reply, pre-enrollment data for the 2013–2014 school year, response, reply, other submitted documentation, and applicable case law, the Court finds that its judgment should stand. The Court finds its judgment to be "plausible in light of the record viewed in its entirety." *See Anderson v. Sch. Bd. of Madison County*, 517 F.3d 292, 296 (5th Cir. 2008) (citing *Price v. Austin Indep. Sch. Dist.*, 945 F.2d 1307, 1312 (5th Cir. 1991)). The Court further finds that the data before the Court does not warrant modification of the Court's opinion and Order to at this time order consolidation of the District's two high schools and two junior-high schools. The Court notes that it gives credence to the testimony of the African-American president of the District's school board, Mr. Maurice Lucas.

The Court further finds as follows with respect to the Government's response to the District's pre-enrollment data: The Government's request for more complete pre-enrollment data from the District is not well taken, as the District cannot force those students who have not yet pre-enrolled to do so, and the District cannot produce enrollment figures it does not have in its possession. The Government's request for a list of each pre-enrolled student's name, grade level, race, physical address, and telephone number is also not well taken. The Fourteenth Amendment extends to individuals a fundamental right to privacy. *See, e.g., Whalen v. Roe*, 429 U.S. 589, 600, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977). Although a child's privacy rights are not as broad as an adult's privacy rights, school-age children do not "shed their constitutional rights . . . at the schoolhouse gate." *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506, 89 S. Ct. 733, 21 L. Ed. 2d 731 (1969). The United States Supreme Court has recognized that parents have a fundamental right to privacy with respect to family matters, such as the education of their children. Parents are uniquely situated to protect their children from certain risks, *see Pierce v.*

2

*Soc'y of Sisters*, 268 U.S. 510, 534–35, 45 S. Ct. 571, 69 L. Ed. 1070 (1925), such as the disclosure of a child's identifying information.

THEREFORE, it is ORDERED that the Government's motion to alter or amend the Court's Judgment [84] is DENIED, and the Government's request for additional data with respect to pre-enrollment figures is DENIED.

It is SO ORDERED, this, the 30 day of April, 2013.

_____
SENIOR JUDGE

3