IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **DIANE COWAN, et al.** | **PLAINTIFFS** |
| **and** | |
| **UNITED STATES OF AMERICA** | **PLAINTIFF-INTERVENOR** |
| **v.** | **Civil Action No. 2:65-CV-00031-DMB** |
| **BOLIVAR COUNTY BOARD OF EDUCATION, et al.** | **DEFENDANTS** |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SUBSTITUTE PARTIES

Defendant Cleveland School District (the "District") files this Response in Opposition to Plaintiffs' Motion to Substitute Parties and, in support thereof, would show this Court as follows:

1. On February 29, 2012, the Court entered an order allowing Plaintiffs twenty (20) days to file a motion to substitute real parties in interest under Rule 17(a). [Dkt. No. 38].

2. Plaintiffs timely filed their motion to substitute parties on March 20, 2012, and the Court subsequently granted the motion on March 28, 2012. [Dkt. No. 40, 42, and 43].

3. More than two years later, and only four weeks prior to the May 18 hearing date set by the Court, Plaintiffs have moved again to seek substitution of parties. Specifically, Plaintiffs seek to withdraw two plaintiffs whose children graduated from the District in 2013 and add a Plaintiff who has two children who attend the District, one of whom is a senior anticipated to graduate next month.

4. For the reasons set forth herein, Defendants object to this second motion to substitute parties.

5. First, the motion is untimely. By order of this Court, Plaintiffs have already filed a motion to substitute parties by the deadline of March 20, 2012. The current motion, filed on

*37766407_1*                  1

April 14, 2015, does not meet the prior deadline to seek substitution of parties by March 20, 2012. Plaintiffs fail to explain why the two plaintiffs seeking to withdraw did not seek withdrawal two years ago when their respective children graduated. Moreover, Plaintiffs fail to explain while the Reverend Edward Duvall did not seek to be substituted previously in March, 2012, when his now-12th grade daughter was presumably in 9th grade. In fact, Plaintiffs named Mr. Duvall as a witness, and Defendants took his deposition yesterday, April 15. There is no explanation as to why Plaintiffs did not timely seek substitution, instead of waiting until the eleventh hour.

6. Second, Defendants will suffer prejudice. The scheduling order and modifications set out deadlines related to discovery and trial issues that have already come and gone. The discovery deadline is next week on April 21, 2015, and a five day hearing is scheduled to begin on May 18, 2015. [Dkt. No. 99, 117]. Now, with less than a week remaining in discovery, Plaintiffs seek to add Reverend Duvall as a new party, thereby entitling him exemption from the exclusionary rule at the May 18 hearing and to attorney-client privileges not available to a non-party fact witness.

7. Third, Plaintiffs will not suffer any prejudice. The continuation of this case does not require that Reverend Duvall become a party-plaintiff. The other plaintiffs are willing and capable to continue this litigation, and the Court has previously found that those other plaintiffs have standing. [Dkt. No. 43]. Moreover, Reverend Duvall may serve as a witness in the proceeding. Plaintiffs suffer no prejudice by Reverend Duvall being a witness, not a party.

8. Fourth, Plaintiffs filed the current motion under Rule 17(a), which addresses real parties in interest. However, Rule 25 governs substitution of parties. Plaintiffs have failed to

mention Rule 25 in their motion or provide any of the reasons listed in Rule 25 require substitution of parties.

9.  Ultimately, the current stage of this litigation is drawing to a close with a discovery deadline in less than a week and a substantive hearing in approximately a month. Now is not the time for new parties. The current parties are all willing and able to continue litigating this case. As a result, Plaintiffs' motion should be denied.

For all of these reasons, the District requests this Court deny the Plaintiffs' motion to substitute parties.

Respectfully submitted,

**CLEVELAND SCHOOL DISTRICT**

By: /s/Jamie F. Jacks
 JAMIE F. JACKS

OF COUNSEL:

JAMIE F. JACKS
Miss. Bar No. 101881
GERALD H. JACKS
Miss. Bar No. 3232
JACKS LUCIANO, P.A.
Post Office Box 1209
Cleveland, Mississippi 38732
Telephone: 662-843-6171
jjacks@jlpalaw.com
gjacks@jlpalaw.com

HOLMES S. ADAMS
Miss. Bar No. 1126
JOHN S. HOOKS
Miss. Bar No. 99175
LINDSEY N. OSWALT
Miss. Bar No. 103329
ADAMS AND REESE LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, MS 39157
Holmes.Adams@arlaw.com
John.Hooks@arlaw.com
Lindsey.Oswalt@arlaw.com

## CERTIFICATE OF SERVICE

I, Jamie F. Jacks, attorney for Defendant Cleveland School District, do hereby certify that I have this date served by electronically filing via the ECF system, a true and correct copy of the above and foregoing Response to:

>Jonathan Fischbach
>Joseph J. Wardenski
>Anurima Bhargava
>Renee Wohlenhaus
>Aziz Ahmad
>Kelly Gardner
>United States Department of Justice
>Civil Rights Division
>950 Pennsylvania Avenue, NW, PHB 4300
>Washington, D.C. 20530
>Jonathan.Fischbach@usdoj.gov
>Joseph.Wardenski@usdoj.gov
>Anurima.Bhargava@usdoj.gov
>Renee.Wohlenhaus@usdoj.gov
>Aziz.Ahmad@usdoj.gov
>Kelly.Gardner@usdoj.gov

>Ellis Turnage
>Turnage Law Office
>P. O. Box 216
>Cleveland, MS 38732
>eturnage@tecinfo.com

>Shakti Belway
>P.O. Box 19974
>New Orleans, LA 70179
>Shakti.belway@gmail.com

This, the 16th day of April, 2015.

>*s/Jamie F. Jacks*
>JAMIE F. JACKS