## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

**DIANE COWAN, et al.**                                **PLAINTIFFS**

**and**

**UNITED STATES OF AMERICA**             **PLAINTIFF- INTERVENOR**

**v.**                                        **Civil Action No. 2:65-CV-00031-DMB**
                                                                      **(previously DC 6531-K)**

**BOLIVAR COUNTY BOARD OF**
**EDUCATION, et al.**                                          **DEFENDANTS**

## REPLY IN SUPPORT OF MOTION FOR CONTINUANCE

In further support of its motion for continuance, the Cleveland School District states as follows:

1. Under Plan C's themed academy approach, 100% of all high school students attend classes together, without regard to their status as Cleveland High or East Side High students. Both school buildings are used equally.

2. There is now a path before us many thought impossible a few months, even weeks ago. This path is endorsed by the Board of Education, including its two African American board members, the Superintendent, who is African American, as well as the District's curriculum staff who say it will work.

3. Plan C is proof the Board of Education's motivation is exactly what it has said all along: To further integration while preserving racial diversity and community preferences to keep both high schools. Plan C accomplishes those objectives.

4. As a result of the discovery process and mediation, the District's thinking has evolved.

5. Since last meeting with the Court on February 20, 2015, the parties have been hard at work, taking nineteen depositions, including depositions of experts from Nashville, Boston, and New York. Ten expert reports and exhibits have been exchanged.

6. One school board member attended two days' worth of expert depositions.

7. All five board members attended the mediation before Judge Virden. The Superintendent and two curriculum staff of the District also attended the mediation.

8. Not allowing the Court to hear these emerging views will disadvantage the Court from fully understanding the evolving thought regarding the District's desegregation plan—thought evolving directly from the productive negotiation and mediation process.

9. To have a hearing limited only to views set out months ago would not only present an incomplete picture of the parties' latest ideas but would also interrupt the ongoing negation process. Neither the Government nor the Plaintiffs declare settlement talks at an impasse. There are ongoing, good-faith efforts to resolve this case, as even the Government admits: "[T]he United States is willing to continue confidential, good-faith settlement negotiations prior to next week's hearing." [184, ¶ 5].

10. Neither the Government nor the Plaintiffs dispute the parties came close to reaching a resolution before the magistrate.

11. Neither the Government nor the Plaintiffs have rejected Plan C—but only say that they have not had sufficient time to evaluate the plan. This is proof that mediation, rather than a hearing, would be a beneficial use of the parties' resources. Additional mediation in lieu of the hearing would allow the parties more time to consider ideas emerging from the mediation.

12.     There is no dispute that no party has contemplated a plan be enacted immediately (i.e., this coming school year).  There is plenty of time for negotiations to continue.

13.     The Government and Plaintiffs claim prejudice largely from scheduling issues with regard to expert witnesses.  The District has suggested their experts participate in the mediation, to the extent desired or practicable. Therefore, travel plans need not be altered.  Although some inconveniences may be created by postponing the hearing in lieu of continuing mediation, the potential benefits of reaching an agreement without further intervention by the Court outweigh those inconveniences.  The inconveniences related to adjusting travel plans are trivial compared to the costs of a week-long hearing involving expensive experts from New York, Nashville, Boston, and elsewhere—costs directly attributed to the public on both sides.

15.     The Government has expressed a preference for resolving this dispute by settlement, as opposed to judicial action.  And that is certainly the preference of the District.

16.     The District respectfully requests a delay in the hearing to allow further consideration of the District's latest ideas and for the mediation and negotiation process to continue.

17.     Alternatively, the District requests it be permitted to present its latest concepts and ideas at the hearing.

Respectfully submitted, this 15th day of May 2015.


                                        /s/  John S. Hooks

OF COUNSEL:

| | |
|---|---|
| Holmes S. Adams | Adams and Reese LLP |
| Miss. Bar No. 1126 | 1018 Highland Colony Parkway |
| John S. Hooks | Suite 800 |
| Miss. Bar No. 20708 | Ridgeland, Mississippi 39157 |
| Lindsey N. Oswalt | Telephone: (601) 355-3234 |
| Miss. Bar No. 103329 | Facsimile: (601)355-9708 |

and

| | |
|---|---|
| Gerald H . Jacks | Jacks Luciano, P.A. |
| Miss. Bar No. 3232 | Post Office Box 1209 |
| Jamie F. Jacks | Cleveland, Mississippi 38732 |
| Miss. Bar No. 101881 | Telephone: (662) 843-6171 |
| | Facsimile:  (662) 843-6176 |

## **CERTIFICATE OF SERVICE**

I, John Hooks, do hereby certify that I have this date served a true and correct copy of the above and foregoing document by electronically filing via the ECF system to:

Joseph J. Wardenski
Joseph.Wardenski@usdoj.gov

Renee Wohlenhaus
Renee.wohlenhaus@usdoj.gov

Ellis Turnage
eturnage@tecinfo.com
turnagelaw@tecinfo.com

Shakti Belway
Shakti.belway@gmail.com

This, the 15th day of May 2015.

                                                           /s/  John S. Hooks