IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DIANE COWAN, minor, by her mother and**      **PLAINTIFFS**
**next friend, Mrs. Alberta Johnson, et al.;**
**FLOYD COWAN, JR., minor, by his mother**
**and next friend, Mrs. Alberta Johnson, et al.;**
**LENDEN SANDERS; MACK SANDERS;**
**CRYSTAL WILLIAMS; AMELIA WESLEY;**
**DASHANDA FRAZIER; ANGINETTE**
**TERRELL PAYNE; ANTONIO LEWIS;**
**BRENDA LEWIS;**

   and

**UNITED STATES OF AMERICA**      **INTERVENOR-PLAINTIFF**

**V.**      **NO. 2:65-CV-00031-DMB**

**BOLIVAR COUNTY BOARD OF**
**EDUCATION, et al.**      **DEFENDANTS**

## ORDER

This school desegregation case is before the Court on the Cleveland School District's motion to modify, Doc. #221, and its motion to stay, Doc. #223.

**I**
**Procedural History**

On May 13, 2016, this Court entered a Memorandum Opinion and Order adopting the desegregation plan proposed by the United States of America, which calls for the consolidation of the Cleveland School District's high schools and the consolidation of its middle schools ("Plan"). Doc. #215 at 96. Under the Plan, the District would consolidate its ninth through twelfth grade students into a single comprehensive high school housed in the current facilities at Cleveland High School and Margaret Green Middle School. *Id*. at 78, 96. The Plan also calls for the assignment of all sixth through eighth grade students (except for the sixth grade students

at Bell Elementary and Hayes Cooper Elementary) to a consolidated middle school housed at the current East Side High School facility. *Id*.

On July 11, 2016, the District filed a notice of appeal with the Fifth Circuit Court of Appeals regarding the Court's May 13, 2016, desegregation order. Doc. #219.

On August 15, 2016, the District filed a motion to modify the May 13, 2016, desegregation order. Doc. #221. The District asks the Court to modify the desegregation plan adopted by the Court such that:

> All sixth-grade students will be assigned to the Walter Robinson Achievement Center (WRAC) (except for sixth-grade students at Hayes Cooper and Bell Academy), and all seventh through twelfth-grade students will attend Margaret Green/Cleveland High School. The District will construct a new ninth-grade wing at Margaret Green. D.M. Smith Middle School and East Side High School will be closed.

*Id*. at 2. Simultaneously, the District filed a motion asking this Court to stay its May 13, 2016, order "pending a ruling on the District's proposed consolidation plan, or in the alternative, for a stay pending appeal." Doc. #223.

## II
## Motion to Modify

In its motion to modify, the District argues that the modification is warranted "to minimize the likelihood of white student departure – a necessity if the District is to continue its successful quest of improving racial diversity." Doc. #221 at 2. In the memorandum accompanying its motion, the District argues that its proposed modification is constitutional and would provide more effective desegregation than the plan adopted by the Court. Doc. #222 at 3. The District represents that its proposed plan may be implemented under the same timeline as the plan adopted by the Court. *Id*. at 3. The Court interprets the District's request to modify the desegregation plan adopted by the Court as one made under Federal Rule of Civil Procedure

2

60(b)(6), which authorizes a Court to grant relief from a final judgment, order, or proceeding, for any reason that justifies relief.

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010). A "district court retains jurisdiction to consider and deny [Rule 60(b)] motions." *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955). If the district court believes a Rule 60(b) motion should be granted, it may "indicate[] that it will grant the motion." *Id*. If the district court indicates that it will grant the Rule 60(b) motion, "the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Id*.

In considering the District's motion to modify, the Court assumes without deciding that the submission of a constitutional plan with community support may justify relief under Rule 60(b)(6). Accordingly, the Court must first decide whether the proposed modification is constitutional.

Where, as here, there has been a finding of de jure segregation, a court "must exercise its broad equitable power to review and modify proposed remedies which are intended to create and maintain a unitary school system." *Flaxx v. Potts*, 567 F. Supp. 859, 861 (N.D. Tex. 1983). In considering whether to implement a proposed change to a desegregation plan, a court:

> must decide only whether the choice violates the Constitution or federal law. To make that determination, federal courts ask only whether the proposed modification fails to further desegregation or places an inequitable transportation burden on black students. So long as neither answer is in the affirmative, we must defer to the expertise of school boards in decisions of this nature.

*United States v. Mississippi (Choctaw Cty. Sch. Dist.)*, 941 F.Supp.2d 708, 714–15 (N.D. Miss. 2013) (quoting *Anderson ex rel. Anderson v. Canton Mun. Separate Sch. Dist.*, 232 F.3d 450 (5th

Cir. 2000) (internal alterations omitted). In evaluating whether a plan furthers desegregation, a court should consider the six factors set forth in *Green v. County School Board*, 391 U.S. 430, 435 (1968). *See Lee v. Butler Cty. Bd. of Educ.*, 183 F.Supp.2d 1359, 1363 (M.D. Ala. 2002) ("*Green* factors [are] the areas of school operation which are traditionally held as indicators of a desegregated (or not) school system"). These factors are: student assignment, faculty, staff, transportation, extracurricular activities, and facilities. *Anderson v. Sch. Bd. of Madison Cty.*, 517 F.3d 292, 298 (5th Cir. 2008). Additionally, the Court must consider whether the proposed plan is feasible. *Cowan v. Cleveland Sch. Dist.*, 748 F.3d 233, 238, 240 (5th Cir. 2014). While this standard of review for modifications places great trust in a district, a court must still "examine each of the proposed amendments in detail, keeping in mind the ultimate goal of achieving a unitary school system which offers quality education to all students." *Flaxx*, 567 F.Supp. at 861.

The District's motion wholly fails to address the impact of the proposed modification on the *Green* factors. Furthermore, while the District represents that it has the ability to implement the proposed modification by July 2017, it offers no evidence in support of this statement. *See* Doc. #222 at 2–3. Under these circumstances, the Court cannot conclude that the proposed modification is constitutional. Accordingly, the motion for modification, Doc. #221, will be denied.

### III
### Motion to Stay

As explained above, the District filed a motion asking this Court to stay its May 13, 2016, desegregation order "pending a ruling on the District's proposed consolidation plan, or in the alternative, for a stay pending appeal." Doc. #223. To the extent the motion seeks a stay pending a ruling on the proposed modification, such request will be denied as moot. To the

extent the motion seeks a stay pending appeal, the Court deems it prudent to order expedited briefing under the schedule set forth below.

## IV
## Conclusion

For the reasons above, it is **ORDERED**:

1. The District's motion to modify [221] is **DENIED**;

2. The District's motion to stay is **DENIED in Part and DEFERRED in Part**. The motion is DENIED as moot to the extent it seeks a stay pending resolution of the motion to modify, and is DEFERRED to the extent it seeks a stay pending appeal; and

3. The issue of a stay pending appeal will be subject to an expedited briefing schedule under which:

    a. Any response in opposition to the motion to stay pending appeal shall be filed no later than August 26, 2016; and

    b. Any reply shall be filed no later than five days after the filing of the relevant response.

**SO ORDERED**, this 16th day of August, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**