IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DIANE COWAN, et al.**                                            **PLAINTIFFS**

**and**

**UNITED STATES OF AMERICA**                         **PLAINTIFF-INTERVENOR**

**v.**                                              **Civil Action No. 2:65-CV-00031-DMB**

**BOLIVAR COUNTY BOARD OF**
**EDUCATION, et al.**                                             **DEFENDANTS**

**Memorandum in Support of Motion to Reconsider**
**Order Denying Motion to Modify Desegregation Plan**

The Cleveland School District (the "District") requests the Court reconsider its August 16, 2016 Order denying the District's motion to modify the desegregation plan ordered by this Court in its May 13, 2016 Order. [221].

This Court is "free to reconsider and reverse [an interlocutory order] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. America, LLC,* 559 F.3d 206, 210-11 (5th Cir. 2010); *see, also, Stoffels ex rel. SBC Telephone Concession Plan v. SBC,* 677 F.3d 720, 727-28 (5th Cir. 2012). Here, reconsideration is appropriate because the District's proposal meets the standard for modification of a desegregation plan and is constitutional.

**I.     The District's proposed consolidation plan is constitutional.**

The Court determined the District's student assignment plans, proffered at the May 2015 trial, were unconstitutional. The District respectfully disagrees. However, the District presents an alternative consolidation plan that, like the Court's plan, combines all students in grades six

through twelve into a single grade structure with exception of sixth graders attending Bell and Hayes Cooper magnet schools. The question is whether the District's proposal addresses the constitutional violation identified by the Court, *i.e.*, the Court's finding of an unconstitutional student assignment plan. As the Court will see, the District's latest proposal is constitutional.

The District is not seeking a declaration of unitary status requiring a determination of whether it has satisfied each of the *Green* factors. However, the District analyzes the *Green* factors, including student assignment:[1]

### A. Student assignment

Under the Court's plan, all students in grades six through twelve will attend the same school, except for those sixth-grade students attending Hayes Cooper and Bell magnets. Likewise, under the District's proposal, all students in grades six through twelve will attend the same school, except for those sixth-grade students attending Hayes Cooper and Bell.

The only difference between the Court's plan and the District's plan is where students will attend school. The Court locates sixth through eighth-graders (except the Bell and Hayes Cooper sixth-graders) at the current East Side High facility and ninth through twelfth-graders at the current Margaret Green Junior High and Cleveland High facilities. The District proposes to locate all sixth-graders (except the Bell and Hayes Cooper sixth-graders) at an improved Walter Robinson Achievement Center ("WRAC"). All seventh and eighth-graders will attend the Margaret Green facility. Ninth through twelfth-graders will attend the Cleveland High facility.

By consolidating the schools, the District's proposed plan addresses the constitutional violation identified by the Court—*i.e.*, vestiges of the *de jure* school system reflected in the District's student assignment. Any constitutional infirmities of the student assignment plan, the existence of which the District denies, are, therefore, rectified by the proposed plan.

---

[1] The Court's May 13, 2016 Order does not address *Green* factors other than student assignment.

The District's consolidation plan is superior to that offered by the Government and adopted by the Court, because it is more likely to preserve racial diversity. The aim of the District's consolidation plan is to preserve the District's racial diversity, thereby maximizing opportunities for meaningful integration. As Dr. Rossell confirmed, without white students, there can be no meaningful integration. CSD Ex. 11-E, p. 13.

As of June 1, 2016, 28.5 % of the District's students were white. [216-1]. That number is decreasing. In fact, between September, 2014 and June, 2016, the District lost eighty-five white students, or 7.5% of its white student population. Exhibit 1. Further, by June 9, 2016, *only four weeks after the Court's May 13, 2016 Order*, the District had received notice that seven white students from Margaret Green were leaving the District for private schools, and eight white students from Hayes Cooper (rising seventh-graders) were leaving the District for private schools. Exhibit 2, Affidavits of Renee' Lamastus and Archie Mitchell. Parents of eleven of these students confirmed "forced consolidation and choices as parents are being taken away" as the reason for withdrawing. *Id.* The loss of these fifteen students equates to over $75,000.00 in state funding. *Id.*

The reluctance of white students to matriculate to East Side was confirmed by the Private-Plaintiffs' own witness, Leroy Byars, who testified unequivocally that white students would never enroll at East Side under the plan now adopted by the Court. Tr. 800. The District's proposed plan avoids the obstacle Mr. Byars identified by utilizing the Margaret Green and Cleveland High facilities. With its consolidation plan, the District hopes to minimize the loss of white enrollment already occurring in the District.

Further, the District has been very successful in integrating Cleveland High School and Margaret Green Junior High and believes its consolidation plan is more likely to continue this

success compared to the plan ordered by the Court. *See, e.g.*, CSD Ex. 11-E, p. 7, Dr. Rossell's report confirming increased integration at Margaret Green and Cleveland High; Tr. 389-90, testimony from Dr. Smrekar confirming increasing integration at Margaret Green and Cleveland High following implementation of Judge Davidson's open enrollment plan.[2]

### B. Faculty assignment

The District's proposal, by combining students in grades six through twelve (except for sixth-graders attending Bell and Hayes Cooper) will result in all students in grades six through twelve attending school together. By completely combining faculty at the secondary level, the District's proposal obviates the possibility that faculty assignment for grades seven through twelve might be inconsistent with its obligation to assign "faculty and professional staff at each school, to the extent feasible, [to] reflect the district wide ratio of minority and non-minority faculty and staff." [12, p. 2]. With regard to all faculty, the District is not seeking modification of the current requirement under the desegregation plan.

Superintendent Jacquelyn Thigpen does not anticipate losing any faculty positions under the District's proposal. Exhibit 3, Affidavit of Dr. Jacquelyn Thigpen, ¶ 4. All junior high and high school faculty will be absorbed into the consolidated junior high and high school faculties. Dr. Thigpen anticipates a few small staff cuts in cafeteria or janitorial staff. Ex. 3, ¶ 5.

### C. Transportation

The District's proposal will not increase the transportation burden on black students. Larry Harkins, the District's Transportation Director, has evaluated the difference in transportation times for bus riders currently attending D.M. Smith Middle School and East Side High School versus travel to Margaret Green Junior High/Cleveland High School. The distance

---

[2] This Court may consider the likelihood of white student departure when choosing between constitutional desegregation plans. *United States v. Pittman*, 808 F.2d 385, 391 (5th Cir. 1987).

from D.M. Smith and East Side to Margaret Green/Cleveland High is approximately 1.3 miles. Exhibit 4, Affidavit of Larry Harkins, ¶ 2. Mr. Harkins estimates an increase in transportation time for these students of no more than five minutes. *Id.*

Mr. Harkins has also evaluated whether there will be an increased transportation burden on sixth-grade students assigned to the WRAC. Ex. 4, ¶ 3. The WRAC is approximately 1.2 miles away from D.M. Smith and 1.1 miles away from Margaret Green. *Id.* Mr. Harkins estimates an increase in transportation time for these sixth-grade students of no more than five minutes. *Id.*

Finally, if the District's proposed plan is accepted, Mr. Harkins testifies the District would consider restructuring its current bus routes to create separate routes for elementary, sixth-grade, and junior high / high school students. This would increase the efficiency of transportation and result in shorter transportation time, because buses would not have to stop at multiple school sites. Ex. 4, ¶ 4.

### D. Extracurricular activities

The District's proposed plan provides for perfect integration for extracurricular activities. The District will incorporate all sports, clubs, and non-sports activities currently existing in the District into the consolidated middle school and high school. Ex. 3.

All sixth-grade students attending the WRAC will have an opportunity to participate in any clubs formed at the WRAC. Ex. 3, ¶ 3. (Sixth-grade students are not eligible to participate in junior high or varsity sports under MHSAA guidelines). Ex. 3, ¶ 2.

All seventh and eighth-grade students will have the opportunity to try out for all sports programs and to participate in all clubs and other non-sports activities at the consolidated junior high. Ex. 3, ¶ 2-3.

All ninth through twelfth-grade students will have the opportunity to try out for all sports programs and to participate in all clubs and other non-sports activities at the consolidated high school. Ex. 3, ¶ 1, 3. Further, if former East Side students have a unique club they want implemented at the consolidated high school, they would be allowed to do so and the club would be open to all students. *Id.*

### E. Facilities

Because all sixth through twelfth-grade students would be attending schools with all other students in their same grade (except for sixth-grade students at Bell and Hayes Cooper), there can be no disparity in facilities for these grades.

Under the District's proposed plan, a new ninth-grade wing will be constructed at Margaret Green. Jim Young, the District's financial expert, estimates the District has approximately $3.8 million in funding available for construction. CSD Ex. 15; Exhibit 5, Affidavit of Joey Henderson. Joey Henderson, the District's expert architect, estimates the District can construct the new ninth-grade wing at Margaret Green, make the minor modifications needed to house the sixth-grade academy at the WRAC, and begin ADA modifications needed at the Cleveland High facility within the $3.8 million budget available to the District. Ex. 5. With respect to the timeline for construction of the ninth-grade wing, Henderson testifies the Bid Documents would require a completion date of July, 2017. Ex. 5, ¶ 2. However, if construction is not completed by July, 2017, the District will house the ninth-grade academy at the East Side campus until the new ninth-grade wing is complete. *Id.*

Finally, with respect to closing D.M. Smith and East Side under the District's proposal, closing these buildings will result in an average savings of at least $164,000.00 a year—the cost to heat and cool these two buildings. Ex. 3, ¶ 5.

Respectfully submitted, this 30th day of August, 2016.

**CLEVELAND SCHOOL DISTRICT**

*/s/ John S. Hooks*

OF COUNSEL:

| | |
|---|---|
| Holmes S. Adams | Jamie F. Jacks |
| MS Bar No. 1126 | MS Bar No. 101881 |
| John S. Hooks | Gerald H. Jacks |
| MS Bar No. 99175 | MS Bar No. 3232 |
| Lindsey O. Watson | Jacks Griffith Luciano, P.A. |
| MS Bar No. 103329 | Post Office Box 1209 |
| ADAMS AND REESE LLP | Cleveland, Mississippi 38732 |
| 1018 Highland Colony Parkway, Suite 800 | Telephone: 662-843-6171 |
| Ridgeland, MS 39157 | jjacks@jacksadamsnorquist.com |
| Telephone: 601-353-3234 | gjacks@jacksadamsnorquist.com |
| Holmes.Adams@arlaw.com | |
| John.Hooks@arlaw.com | |
| Lindsey.Oswalt@arlaw.com | |

## **CERTIFICATE OF SERVICE**

I, John Hooks, attorney for Defendant Cleveland School District, do hereby certify that I have this date served by electronically filing via the ECF system to all registered counsel of record.

Dated: August 30, 2016.

*/s/ John S. Hooks*