**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| DIANE COWAN *et al.*, | ) |
| Plaintiff, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor, | ) Civil Action No. 2:65-CV-00031-DMB |
| v. | ) |
| BOLIVAR COUNTY BOARD OF EDUCATION *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF-INTERVENOR UNITED STATES' AND PLAINTIFFS' JOINT PROPOSED SCHEDULE**

On September 29, 2016, this Court entered an Order (Dkt. #235) that, in part, deferred action on the Cleveland School District's Motion for Reconsideration (Dkt. #227) pending an expedited evidentiary hearing. The Court convened the parties in a telephonic status conference on September 30, 2016, and directed each party to propose, by October 3, 2016, an expedited schedule for briefing, discovery, and hearing on the new desegregation plan proposed by the Cleveland School District ("District").

As detailed below, Plaintiff-Intervenor United States of America ("United States") and Private Plaintiffs (collectively "Plaintiff Parties") respectfully request that this Court require the District to provide a fully articulated desegregation plan before Plaintiff Parties are obligated to respond to that plan. At present, the District has put forward a mere concept, not a plan. It

1

consists of just three sentences, which focus entirely on the facilities that the District intends to use. (*See* Dkt. #235 at 2.) While Plaintiff Parties could make assumptions about all that the District has left unexplained and respond based on those assumptions, this is likely to lead to unnecessary discovery and further deferment of already long-delayed relief. Moreover, if the District fails to submit an actual blueprint, its nascent plan is likely to shift and morph as time wears on. Rather than having to take aim at a continually moving target, Plaintiff Parties and the Court should receive the benefit of a full explanation of the District's plan, including the key missing information enumerated in the proposed schedule below and highlighted in the Court's Order.

Additionally, the United States and Private Plaintiffs respectfully reiterate their serious concerns with the expedited review requested by the District, which would significantly prejudice the Plaintiff Parties. Plaintiff Parties are entitled to an opportunity to test any evidence or assertions that the District intends to submit to support its new desegregation plan through formal discovery prior to an evidentiary hearing. The expedited process requested by the District and under consideration by this Court would deprive Plaintiff Parties of that opportunity.

As a point of comparison, after written desegregation plans were submitted to this Court in January of 2015, the Court gave the parties four months to test those plans before holding an evidentiary hearing. Specifically, the parties were provided, from the submission of competing plans: two weeks to file objections to the plans; one month to propound discovery requests; two months to provide expert reports; three months to complete discovery, including depositions; and, four months, in total, to prepare for the hearing. (*See* Dkt. #99 and Dkt. #117.) While there are important differences in the posture of the case at this moment, Plaintiff Parties should

nonetheless receive an opportunity to develop a comparable record with regard to the District's new desegregation plan.[1]

The District has already placed Plaintiff Parties and this Court at a disadvantage with its three-month delay in seeking modification of the Court's May 13, 2016, ruling. The timing of the District's latest proposal leaves Plaintiff Parties and the Court with little time to properly evaluate the new proposal before the narrow window of time to implement it is closed.[2] That reality notwithstanding, the Court should not permit the District's delay to thwart a full and fair review of and response to the District's new desegregation plan. Circumstances do not require that the Court curtail evaluation of the plan in order to forge a path forward; the Court has already overseen a several months-long process and has selected a constitutional plan that will work without delay.

Plaintiff Parties believe the Court's February 25, 2015, Scheduling Order (Dkt. #117) provides a useful template and represents the appropriate amount of time to fully test a desegregation plan in this case—four months. However, in good faith compliance with the Court's instructions, Plaintiff Parties jointly submit the following proposed expedited schedule.[3]

**Proposed Schedule**

1. By **October 14, 2016**, the District shall submit to the Court a complete and specific description of its new proposed desegregation plan, which will include the following:

---

[1] The need for a comparable record—one that has benefited from being examined and tested—is particularly important to the extent that the District generates new evidence that may become part of the record on appeal before the Fifth Circuit.

[2] Indeed, during the September 30, 2016, status conference, counsel for the District all but conceded that its new plan could not be fully implemented by the start of the 2017-2018 school year and that a contingency plan would need to be implemented.

[3] As directed by this Court, the Plaintiff Parties attempted to meet and confer with counsel for the District regarding a possible joint submission. However, this attempt was unsuccessful.

    a. the requirements specified in paragraph 5 of the Court's June 18, 2014, scheduling order (Dkt. #99) as relevant to the 2016-2017 and 2017-2018 school years;

    b. key information currently missing from the District's new plan as enumerated by the Court in its September 29, 2016, Order (Dkt. #235 at 4, questions 1-5);

    c. up to date information on the estimated cost for facilities repairs, renovations, or additions contemplated by the plan, including any premiums for expedited construction;

    d. a drop-dead-date, by which the plan, if ordered by the Court, could not reasonably be implemented by the start of the 2017 school year (*e.g.*, because of additional time needed for construction, student assignment, or personnel changes);

    e. a description of any contingency plan(s) if the plan cannot be implemented by the start of the 2017 school year; and,

    f. information on the estimated cost and proposed timing of any contingency plan(s).

2. Also by **October 14, 2016**, the District shall submit to the Court and Plaintiff Parties any other information that might aid review of the plan by the Court, Private Plaintiffs, or the United States.

3. By **October 21, 2016**, the United States and Private Plaintiffs shall file with the Court, jointly or separately, a memorandum brief stating their objections to the District's proposed plan.

4. By **November 4, 2016**, the parties will propound all final discovery requests, if any, on the other parties. The parties will have 14 days from the date of service of any such discovery requests to provide responses to the requesting party.

5. By **November 18, 2016**, the District will designate its expert witnesses, if any, indicating for each whether the expert witness may or will be called to testify at the hearing, and attaching

each expert witness's curriculum vitae and expert report to the designation. The expert reports shall include all information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

6. Also by **November 18, 2016**, the parties shall provide, or supplement as necessary, all voluntary disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

7. By **December 2, 2016**, the United States and Private Plaintiffs will designate their expert witnesses, if any, indicating for each whether the expert witness may or will be called to testify at the hearing, and attaching each expert witness's curriculum vitae and expert report to the designation. The expert reports shall include all information required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

8. By **December 16, 2016**, the parties will complete all discovery, including depositions.

9. The Court will hold an evidentiary hearing on the District's proposed desegregation plan during the week of **January 9, 2017.**

### Alternative Schedule

In the September 30, 2016, telephonic status conference, the Court also directed parties to provide information regarding a "worst case scenario" timeline. The timeline outlined above represents the minimum time Plaintiff Parties believe is needed to protect the public interest and ensure that Plaintiff Parties are not prejudiced by the District's delay in offering its plan. However, this timeline could be further compressed if the District will represent, by its October 14, 2016, deadline, that it will not rely on any new testimony or evidence from expert witnesses beyond experts designated regarding the facilities uses and financial needs specific to the District's new plan. Dealing with this narrowed universe of possible evidence, Plaintiff Parties contemplate that an evidentiary hearing could be held the week of December 12, 2016. Plaintiff

Parties would work with the Court and the District to set interim discovery deadlines to support this (approximately) 60-day timeline.

Respectfully submitted this 3rd day of October, 2016,

*For Plaintiff-Intervenor United States of America:*

| | |
|---|---|
| FELICIA C. ADAMS<br>United States Attorney<br>Northern District of Mississippi<br>900 Jefferson Avenue<br>Oxford, MS 38655-3608 | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br><br>EVE HILL<br>Deputy Assistant Attorney General<br><br>SHAHEENA SIMONS<br>Chief<br>RENEE WOHLENHAUS<br>Deputy Chief<br>Educational Opportunities Section<br>Civil Rights Division<br><br>s/ Aziz Ahmad<br>_____<br>AZIZ AHMAD (DC # 1004817)<br>KELLY GARDNER<br>Trial Attorneys<br>Educational Opportunities Section<br>Civil Rights Division<br>United States Department of Justice<br>950 Pennsylvania Avenue, NW, PHB 4300<br>Washington, D.C. 20530<br>Telephone: (202) 305-3355<br>Facsimile: (202) 514-8337<br>Aziz.Ahmad@usdoj.gov |

*For Private Plaintiffs:*

s/ Shakti Belway
Shakti Belway (MS # 102095)
P.O. Box 19974
New Orleans, LA 70179
Telephone: (504) 333-6877
shakti.belway@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2016, I electronically filed a copy of the foregoing Joint Proposed Schedule with the Clerk of the Court using the Court's CM/ECF system. Notice of this filing was sent by operation of the CM/ECF system to all counsel of record.

/s/ Aziz Ahmad
AZIZ AHMAD (DC # 1004817))
Attorney for Plaintiff-Intervenor
