# **AFFIDAVIT**

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before the undersigned authority in and for the aforesaid state and county, James W. Young, Jr., who after being by me first duly sworn states as follows:

My name is James W. Young, Jr., I am a principal of MuniGroup, LLC., a financial advisory firm that is registered with the Securities and Exchange Commission as a municipal advisor. I am over 18 years of age and have personal knowledge of the information provided herein.

The District can utilize the three-mil note process authorized by Mississippi law to fund the proposed construction contemplated by the School District's Modified Plan. Depending on relevant factors, including the method by which the note is sold, the issuance of a three-mil note could be completed in as little as 60 days, although most issues are completed in 90 to 120 days. The procedure for issuing a three-mill note is outlined in Miss. Code Ann. Sections 37-59-101 through 37-59-115. The District's Board of Trustees (the "Board") initiates the process by adopting a resolution of intent stating, among other things, the maximum principal amount to be borrowed, the maximum term of the note and the purposes for which the note proceeds may be used. The District must then publish the resolution of intent in the newspaper twice, over a 15 day period, allowing registered voters to file petitions calling for an election on the note issue. The Board may proceed with the note without an election, unless petitions containing the names

of 20% of the District's registered voters are filed before the deadline stated in the resolution of intent. Assuming petitions containing the names of 20% of the District's registered voters are not filed, the District may then proceed to sell the note, either through competitive bid or a negotiated sale. Once the note is sold, the District would validate and close on the note. The Board could adopt the resolution of intent at its November meeting to begin the three-mil note process in anticipation of the Court's ruling, but not proceed with the sale of the note until the Court has ruled. This would allow the District to at least complete the publication process pending the Court's ruling. The District could then conceivably close on the note within 45 to 60 days following a favorable ruling by the Court on the Modified Plan. Under current market conditions, I estimate the District could borrow up to $3,600,000 utilizing the three-mil note process.

The District may borrow up to the balance in its 16th section principal fund to pay for capital improvements at school buildings. Since the District is borrowing from its own funds, the loan can be completed within a matter of a day or two. Based on information provided by the District, I believe the District's 16th section principal fund balance is approximately $433,923. The District may also use any amounts in its 16th section interest fund for capital projects, if the expenditure and use of funds are approved by the Board. Again, this process can be completed within a few days. Based on information provided by the District, I estimate the District has approximately $319,554 in its 16th section interest fund. The District may also use any available funds in its District Maintenance fund for capital projects.

Further, affiant sayeth not.

This, the 14th day of October, 2016.

                                                          James W. Young, Jr.

SWORN TO AND SUBSCRIBED before me this the 14th day of October, 2016.

                                                     NOTARY PUBLIC

My Commission Expires:
July 5, 2018

[Notary Seal: STATE OF MISSISSIPPI, ELIZABETH Y TAYLOR, ID# 96436, NOTARY PUBLIC, Comm. Expires July 5, 2018, MADISON COUNTY]