**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

|  |  |
|---|---|
| DIANE COWAN *et al.*, | ) |
| Plaintiffs, | ) |
| and | ) |
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Intervenor, | ) Civil Action No. 2:65-CV-00031-DMB |
| v. | ) |
| BOLIVAR COUNTY BOARD OF EDUCATION *et al.*, | ) |
| Defendants. | ) |

## MOTION FOR EXPEDITED CONSIDERATION OF UNITED STATES' REQUEST TO EXTEND DISCOVERY DEADLINES

For the reasons discussed below, Plaintiff-Intervenor United States respectfully requests expedited consideration of its December 29, 2016, Motion to Extend Discovery Deadlines ("Motion") (Doc. No. 259), pursuant to Local Uniform Civil Rule 7(b)(8).[1] Private Plaintiffs consent to the underlying Motion and this request for expedited consideration; the Defendant Cleveland School District ("the District") opposes both.

### Introduction

In its Motion, the United States sought a short extension of the discovery deadlines prescribed in the Court's November 21, 2016, Order ("Scheduling Order") (Doc. No. 253) in

---

[1] The United States, with Defendant, contacted the Court by telephone on January 11, 2017, regarding consideration of the Motion. Chambers staff directed counsel for the United States to make this request for expedited consideration in a filing via ECF.

light of the District's failure to produce long-sought discovery in a timely manner. The District's delay has prejudiced the United States' ability to produce expert reports on the efficacy of Plan E by the January 3, 2017, deadline. (*See* Scheduling Order at 3.) Now, in light of the January 20, 2017, deadline to complete all discovery, the District seeks to depose all of the United States' experts during the week of January 16, 2017, notwithstanding pendency of the request for a two-week extension that would permit these experts sufficient time to complete their reports.

The District filed a response in opposition to the Motion on January 11, 2017. The District believes the Parties can complete the ten depositions contemplated by the Parties in one week. Given the logistical difficulty of scheduling ten depositions in five cities—during a week with two federal holidays and major obstacles to travel into and out of the DC-area—the United States seeks the Court's assistance; the Parties cannot afford to wait for the full 14- to 21-day briefing schedule to play out before the Court considers the Motion to Extend Discovery Deadlines. Accordingly, the United States files this request for expedited consideration.

## Discussion

Under Federal Rule of Civil Procedure 16(b)(4), a party seeking to amend a scheduling order must demonstrate good cause for needing an amendment. In the Fifth Circuit the four factors relevant to good cause are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *EEOC v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012). The United States has satisfied each of these criteria.

1. Despite the United States' efforts, the District failed to fully respond to the United States' multiple requests to obtain certain highly germane information from the District needed by its experts. The District must not be allowed to benefit from its own delay. In its October 4,

2

2016, Scheduling Order the Court instructed the District to facilitate an expedited hearing schedule by voluntarily providing the Plaintiff Parties with evidence relevant to Plan D. (*See* Doc. No. 239 at 3, directing the District to provide the missing "key information" identified by the Court's September 29, 2016, order[2] as well as "any other information that might aid the efficient review of [Plan D].") The District failed to furnish at that time any information about community surveys administered in August. The District first acknowledged the existence of the surveys to the Plaintiff Parties during the October 25, 2016, telephonic status conference with the Court. (*See* Minute Entry, Doc. No. 243; Scheduling Order, Doc. No. 244.) On November 4, 2016, the United States served formal discovery on the District requesting, among other items, the survey questions, methodology and response data. On the eve of discovery responses being due, the District alerted the Court that it intended to withdraw Plan D and, as such, the pending discovery requests from the United States were "moot." (*See* Ltr. dated Nov. 15, 2016, at 3, Doc. No. 249.) The District did not respond to the United States' discovery requests with objections or substantive answers. The District then filed Plan E with the Court on November 18, 2016, and, per the Court's instruction, the Parties engaged in informal discovery. (*See* Doc. No. 253.)

On November 30, 2016, the United States sent requests to the District seeking, in part, any evidence of community support of the new Plan E. In its December 8 response, the District once again pointed to its still-undisclosed community survey as evidence of support for its latest proposal, but did not provide any documents or details related to that survey. On December 22, 2016, the United States again requested, in formal discovery, that the District provide

---

[2] In its September 29, 2016, Order, the Court states that the District fails to explain "how the Proposed Modification will meet the problem of white flight (which the District alleges is a deficiency of the Plan)." Doc. No. 235 at 4.

3

information about the community survey. The United States finally received incomplete responses regarding the survey on January 3 and 5, 2017. The District has still not provided raw survey data, first requested in November.

2. Given that the United States' experts have had just days with the District's responses on key topics, and are awaiting additional responsive information, depositions of the United States' experts next week would be misguided. The United States should not be denied the opportunity to allow its experts to prepare so that they may present expert testimony in this case. The District failed to meet its obligation to provide discovery requested regarding the survey. Had they responded in a timely manner, no extension would be necessary. Ultimately, the District's evidence that white flight will occur is limited and relies on the community surveys. Therefore, the United States experts are entitled to review them.

3. The District's months-long obfuscation regarding certain information, including its August 2016 community surveys, illustrates how maintaining the current discovery deadline substantially prejudices the United States. The United States has been diligent in meeting the Court's expectation for full disclosure as well as meeting all deadlines set by the Court and now, in good faith, makes this first request for a two-week extension to permit the experts to prepare their reports.

4. A brief extension is reasonable and will not unduly delay consideration of the District's latest plan. Moreover, allowing the experts to complete reports before depositions will benefit all Parties, and may help to narrow the focus of any depositions.

Accordingly, the United States hereby requests expedited consideration of its Motion, that the Motion be granted, and that the discovery deadlines contained in the Court's Scheduling Order be extended as follows:

   a. By January 19, 2017, the Parties shall provide all expert reports, and each expert report shall include all information required by Rule 26 of the Federal Rules of Civil Procedure.

   b. By February 6, 2017, the Parties shall complete all discovery, including depositions.

   c. The United States and Private Plaintiffs shall file their respective objections to Plan E on or before February 16, 2017.

   d. The District may file a reply to any objections to Plan E within fourteen (14) days of the filing of such objections.

Respectfully submitted this 11th day of January, 2017,

FELICIA C. ADAMS
United States Attorney
Northern District of Mississippi
900 Jefferson Avenue
Oxford, MS 38655-3608
Telephone: (662) 234-3351
Facsimile: (662) 234-4818

VANITA GUPTA
Principal Deputy Assistant Attorney General
EVE HILL
Deputy Assistant Attorney General
Civil Rights Division

SHAHEENA SIMONS, Chief
RENEE WOHLENHAUS, Deputy Chief
Educational Opportunities Section
Civil Rights Division

/s/ Aziz Ahmad
_____
AZIZ AHMAD (DC # 1004817)
PETER W. BEAUCHAMP
CEALA BREEN-PORTNOY
Trial Attorneys
Educational Opportunities Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW, PHB 4300
Washington, D.C. 20530
Telephone: (202) 305-3355
Facsimile: (202) 514-8337
Aziz.Ahmad@usdoj.gov

Attorneys for Plaintiff-Intervenor

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system. Notice of this filing was sent by operation of the ECF system to all counsel of record.

/s/ Aziz Ahmad
Aziz Ahmad (DC # 1004817)
Attorney for Plaintiff-Intervenor