IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| **DIANE COWAN, minor, by her mother and next friend, Mrs. Alberta Johnson, et al.; FLOYD COWAN, JR., minor, by his mother and next friend, Mrs. Alberta Johnson, et al.; LENDEN SANDERS; MACK SANDERS; CRYSTAL WILLIAMS; AMELIA WESLEY; DASHANDA FRAZIER; ANGINETTE TERRELL PAYNE; ANTONIO LEWIS; BRENDA LEWIS;** | **PLAINTIFFS** |
| and | |
| **UNITED STATES OF AMERICA** | **INTERVENOR-PLAINTIFF** |
| **V.** | **NO. 2:65-CV-00031-DMB** |
| **BOLIVAR COUNTY BOARD OF EDUCATION, et al.** | **DEFENDANTS** |

**ORDER**

On October 25, 2016, this Court, following a telephonic conference with the parties in this case, entered a scheduling order to govern discovery regarding the Cleveland School District's motion to modify the desegregation plan adopted by this Court, in which the District proposed an alternative desegregation plan. On November 21, 2016, the Court issued an order modifying the scheduling order. Under the new scheduling order, the parties were required to designate experts on or before January 3, 2017, and complete all discovery on or before January 20, 2017.

On December 29, 2016, the United States filed a motion to extend the deadlines of the modified scheduling order. Doc. #259. On January 11, 2017, the District responded in opposition to the motion to extend. Doc. #265. The same day, the United States filed a motion

to expedite consideration of its motion to extend. Doc. #266. The following day, this Court set an expedited briefing schedule for both motions. Doc. #267. Pursuant to this schedule, the District responded in opposition to the motion to expedite on January 13, 2017. Doc. #268. The United States did not reply in support of either motion.

# I
# Motion to Expedite

The United States seeks expedited consideration of its motion to extend and, strangely, argues the merits of the motion. *See* Doc. #266. The District, in its response to the motion to expedite, states that it does not oppose expedited consideration of the motion to extend but "object[s] to the Government arguing – for the first time – that good cause exists for the extension of the discovery schedule." Doc. #268 at 1.

Insofar as the only relief requested in the motion to expedite is the expedited consideration of the motion to extend, the motion will be granted. As for the District's second point, the Court agrees that a party may not argue the merits of an earlier motion by filing a subsequent motion to expedite its consideration. The Court will not consider the United States' arguments in the motion to expedite which address the merits of the motion to extend.

# II
# Motion to Extend

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a

continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal punctuation omitted).

With regard to the first factor, the United States contends in its motion to extend that on December 22, 2016, it requested "highly germane information from the district" which will be relevant to its expert reports but that the responses to its interrogatories are not due until January 5, 2017, after the expert designation deadline. Doc. #259 at 2. The District responds that the United States' delay in making the request is an insufficient explanation for the delay. Doc. #265. This Court agrees. The deadlines for expert disclosures and interrogatory responses were known to the United States well before December 22, 2016. Accordingly, the first factor weighs against a finding of good cause.

Turning to the second factor, the United States argues that the information it requested "is necessary in order for the United States' expert witnesses to analyze and draft reports regarding [the District's new plan]." Doc. #259. While the District argues that this representation is conclusory, the representation may still be considered by the Court. It is "within the discretion of the trial court to accept or reject counsel's representations." *Castilleja v. S. Pac. Co.*, 445 F.2d 183, 186 (5th Cir. 1971). The United States has made a specific representation that the information is necessary for its experts to complete their reports, which the Court accepts in its discretion for the purpose of evaluating the second factor. Under these circumstances, the Court concludes that the second factor weighs in favor of a finding of good cause.

As to the third factor, the District argues that it will be prejudiced by a delay because "[t]he District is attempting to place a plan, the United High School Plan, before this Court for a ruling in time to make such a plan a reality ...." Doc. #265 at 5. The Court finds this contention to be without merit. The extension sought by the United States is modest. Furthermore, the

District has represented to this Court that it could implement its proposed plan for the 2017–2018 school year so long as this Court ruled on the plan on or before May 31, 2017. Doc. #241. Even with the requested delay in discovery, the Court intends to issue a ruling before May 31, 2017. Accordingly, the District will suffer no prejudice and the third factor weighs in favor of good cause.

Finally, having found no prejudice in the extension, the Court need not address the fourth factor.

Upon consideration of all the relevant factors, the Court concludes that good cause exists to modify the discovery deadline to allow a two-week extension.

### III
### Conclusion

For the reasons above:

1. The United States' motion to expedite [266] is **GRANTED**.

2. The United States' motion to extend [259] is **GRANTED** such that the deadlines set in this Court's November 21, 2016, scheduling order are **MODIFIED** as follows:

    a. By January 20, 2017, the parties shall designate their respective expert witnesses, indicating for each whether the expert witness *may* or *will* be called to testify at hearing, if one is held, and shall attach each expert witness's curriculum vitae or resume to the designation.

    b. Each expert report shall include all information required by Rule 26 of the Federal Rules of Civil Procedure.

    c. By February 6, 2017, the parties shall complete all discovery, including depositions.

    d. The United States and the Private Plaintiffs shall file their objections to the District's revised proposed plan on or before February 16, 2017.

**SO ORDERED**, this 19th day of January, 2017.

                                            **/s/ Debra M. Brown**
                                            **UNITED STATES DISTRICT JUDGE**