IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**DIANE COWAN**, minor, by her mother and next friend, Mrs. Alberta Johnson, et al.; **FLOYD COWAN, JR.**, minor, by his mother and next friend, Mrs. Alberta Johnson, et al.; **LENDEN SANDERS; MACK SANDERS; CRYSTAL WILLIAMS; AMELIA WESLEY; DASHANDA FRAZIER; ANGINETTE TERRELL PAYNE; ANTONIO LEWIS; BRENDA LEWIS;**   **PLAINTIFFS**

and

**UNITED STATES OF AMERICA**   **INTERVENOR-PLAINTIFF**

**V.**   **NO. 2:65-CV-00031-DMB**

**BOLIVAR COUNTY BOARD OF EDUCATION, et al.**   **DEFENDANTS**

## ORDER

This desegregation action is before the Court on the parties' joint motion for modification of the Court's May 13, 2016, memorandum opinion and order. Doc. #286.

### I
### Procedural History

On May 13, 2016, this Court entered a memorandum opinion and order adopting the desegregation plan proposed by the United States of America ("Adopted Plan"), which calls for the consolidation of the Cleveland School District's high schools and the consolidation of its middle schools. Doc. #215 at 96. Under the Adopted Plan, the District would consolidate its ninth through twelfth grade students into a single comprehensive high school housed in the current facilities at Cleveland High School and Margaret Green Middle School. *Id.* at 78, 96. The Adopted Plan also calls for the assignment of all sixth through eighth grade students (except

for the sixth grade students at Bell Elementary and Hayes Cooper Elementary) to a consolidated middle school housed at the current East Side High School facility. *Id*.

On July 11, 2016, the District filed a notice of appeal to the Fifth Circuit Court of Appeals regarding the Court's May 13, 2016, desegregation order. Doc. #219.

In the months after filing its appeal, the District submitted two proposed modifications to the Adopted Plan. Doc. #241; Doc. #252. The United States and the private plaintiffs opposed the first proposed modification, Doc. #242, and recently concluded a period of discovery related to the merits of the second proposal, Doc. #274. Additionally, the private plaintiffs, without prior explanation or leave of this Court, submitted their own proposed modification on January 11, 2017. Doc. #264.

On February 8, 2017, the parties filed a joint motion seeking to modify the Adopted Plan. Doc. #286. In the motion, the parties represent that they have reached a settlement agreement which:

> will preserve the Court's May 13, 2016, Order, save one change regarding sixth grade student assignment. Under this agreement, the District will consolidate its ninth through twelfth grade students into a single comprehensive high school housed in the current facilities at Cleveland High School and Margaret Green Junior High School. The District will assign all seventh and eighth grade students to a consolidated middle school housed in the current East Side High School facility. Additionally, the District will expand grade offerings at Cypress Park, Pearman, and Parks elementary schools to include the sixth grade. This change will bring these elementary schools in line with Bell Academy and Hayes Cooper Center, which already include the sixth grade. As a result, all District students will begin middle school at the same time, in the seventh grade, and under one roof.

*Id*. at 2–3. This proposed modification to the Adopted Plan also calls on the District to "give preference to current Cypress Park fifth grade students who apply for current openings at Hayes Cooper Center and Bell Academy for the 2017–2018 school year." *Id*. at 3 n.1.

On February 14, 2017, this Court entered an order directing the parties to provide

evidence showing the capacity of the District's elementary schools to accommodate the District's sixth grade students. Doc. #288; Doc. #289.

On February 21, 2017, the District submitted an affidavit of Dr. Jacquelyn Thigpen, the District's superintendent. Doc. #292. The affidavit states that Cypress Park (D.M. Smith Elementary) and Parks Elementary have the capacity to accommodate the proposed sixth grade students. *Id*. However, Thigpen avers that Pearman Elementary currently lacks such capacity. *Id*. at 2. Accordingly, Thigpen proposes changing Pearman Elementary from a kindergarten through fifth grade facility to a first through sixth grade facility. *Id*. The kindergarten students zoned for Pearman would "be placed in a lottery for slots at Parks, Nailor [Elementary], Hayes Cooper, or Bell." *Id*. Upon completing kindergarten, the students would then begin first grade at Pearman. *Id*. Thigpen represents that this configuration, which has been approved by the Board, would allow Pearman to accommodate the proposed sixth grade students. *Id*.

At the request of the Court, Thigpen, on March 3, 2017, submitted a second affidavit expanding on the District's plan for accommodating the Pearman kindergarten students. Doc. #304. The revised affidavit states that the other elementary schools in the District have the capacity to accommodate the Pearman kindergarten students and that the lottery used to reassign the students will be random. *Id*. Under this formulation, students assigned to the District's magnet schools (Hayes Cooper and Bell) will have the option to stay at the magnet schools upon completing kindergarten. *Id*. at ¶ 16. Finally, the affidavit represents that "[n]either Private Plaintiffs nor Plaintiff-Intervenor United States of America object to the ... plan ...." *Id*. at ¶ 19.

## II
## Analysis

The Court interprets the request to modify the Adopted Plan as one made under Federal Rule of Civil Procedure 60(b), which authorizes a court to grant relief from a final judgment,

3

order, or proceeding, for any reason that justifies relief. *See, e.g., Evans v. Buchanan*, 512 F.Supp. 839, 849 (D. Del. 1981) (considering motion to amend desegregation plan as Rule 60(b) motion). Pursuant to Rule 60, a court may relieve a party from a final judgment or order if applying the order prospectively is no longer equitable, or for "any other reason that justifies relief."

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010). A "district court retains jurisdiction to consider and deny [Rule 60(b)] motions." *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955). If the district court believes a Rule 60(b) motion should be granted, it may "indicate[] that it will grant the motion." *Id*. If the district court indicates that it will grant the Rule 60(b) motion, "the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion." *Id*.

Where, as here, there has been a finding of de jure segregation, a court "must exercise its broad equitable power to review and modify proposed remedies which are intended to create and maintain a unitary school system." *Flaxx v. Potts*, 567 F. Supp. 859, 861 (N.D. Tex. 1983). In considering whether to implement a proposed change to a desegregation plan, a court:

> must decide only whether the choice violates the Constitution or federal law. To make that determination, federal courts ask only whether the proposed modification fails to further desegregation or places an inequitable transportation burden on black students. So long as neither answer is in the affirmative, we must defer to the expertise of school boards in decisions of this nature.

*United States v. Mississippi (Choctaw Cty. Sch. Dist.)*, 941 F.Supp.2d 708, 714–15 (N.D. Miss. 2013) (quoting *Anderson ex rel. Anderson v. Canton Mun. Separate Sch. Dist.*, 232 F.3d 450, 454 (5th Cir. 2000) (internal alterations omitted). In evaluating whether a plan furthers

4

desegregation, a court should consider the six factors set forth in *Green v. County School Board*, 391 U.S. 430, 435 (1968). These factors are student assignment, faculty, staff, transportation, extracurricular activities, and facilities. *Anderson v. Sch. Bd. of Madison Cty.*, 517 F.3d 292, 298 (5th Cir. 2008). Additionally, a court must consider whether the proposed plan is feasible. *Cowan v. Cleveland Sch. Dist.*, 748 F.3d 233, 238, 240 (5th Cir. 2014). While this standard of review for modifications places great trust in a district, a court must still "examine each of the proposed amendments in detail, keeping in mind the ultimate goal of achieving a unitary school system which offers quality education to all students." *Flaxx*, 567 F. Supp. at 861.

In evaluating the proposed modification, the Court begins by noting that it is identical to the Adopted Plan except in the area of sixth grade assignment. Where the Adopted Plan calls for all sixth grade students (except for the sixth grade students at Bell Elementary and Hayes Cooper Elementary) to be assigned to the consolidated middle school housed at the current East Side High School facility, the parties' proposed modification calls for the District's elementary schools to expand grade offerings to the sixth grade so as to allow all of the District's students to enter middle school at the same time. Additionally, while not mentioned in the joint motion (but in Thigpen's affidavit), the proposed modification calls for Pearman Elementary to be converted from a kindergarten through fifth grade facility to a first through sixth grade facility. The District would then use a lottery to distribute Pearman's kindergarten students to the District's other elementary schools.

Pearman Elementary was initially zoned as a first through sixth grade facility. *See* Doc. #33 at 3. It does not appear that this designation was ever changed. Accordingly, the proposed modification to Pearman's grade structure does not require Court approval. Of course, any reassignment of students must not result in unconstitutional segregation. *See id.* at 1

5

(permanently enjoining District for discriminating on the basis of race or color). In this regard, the Court notes that the District has proposed a random lottery for reassignment. The Court also notes that the kindergarten enrollment at Pearman (58.3% African American and 33.3% white) reflects a racial percentage very similar to the District as a whole (67.0% African American, 28.6% white, and 4.4% other races). *See* Doc. #216-1; Doc. #292 at Ex. A. Under these circumstances, it does not appear that the change in Pearman's grade structure places the burden of desegregation on any single group.

Next, the Court concludes that keeping students at their respective schools for an additional year[1] neither fails to further desegregation nor imposes an inequitable transportation burden on African American students.

In sum, the Court concludes that the proposed modification represents a constitutional proposal and is therefore entitled to deference. *See Davis v. E. Baton Rouge Parish Sch. Bd.*, 541 F. Supp. 1048, 1052 (M.D. La. 1982) (modifying court approved plan in favor of untimely district-proposed plan because "the court believes that people who implement a desegregation plan are more likely to look for ways to make it work, instead of for ways to make it not work if they implement their own plan"). Accordingly, upon dismissal of the pending appeal in this matter, the Court, in deference to the District's familiarity with its schools and in recognition of the parties' joint agreement, will modify its May 13, 2016, order as requested in the joint motion.

---

[1] The proposed modification will result in students at the single-race Cypress Park elementary school remaining at the school for an additional year. However, maintenance of a single-race school does not result in unconstitutional desegregation unless the school may be deemed a vestige of past discrimination. *See Cowan v. Bolivar Cty. Bd. of Educ.*, 186 F.Supp.3d 564, 597–98 (N.D. Miss. 2016) (collecting cases). Here, there is no argument or evidence that the enrollment at Cypress Park (or any of the District's elementary schools) may be deemed a vestige of past discrimination. Furthermore, the proposed plan calls for students at Cypress Park to be given preference for transferring to Hayes Cooper Center and Bell Academy, elementary schools with more diverse student populations.

**SO ORDERED**, this 6th day of March, 2017.

                                               **/s/ Debra M. Brown**
                                               **UNITED STATES DISTRICT JUDGE**