# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DIANE COWAN, ET AL.**                                                          **PLAINTIFF**

**AND**

**UNITED STATES OF AMERICA**                                **PLAINTIFF-INTERVENOR**

**v.**                                               **CIVIL ACTION NO. 2:65cv31-DMB-JMV**

**BOLIVAR COUNTY BOARD OF EDUCATION, ET AL.**          **DEFENDANT**

## ORDER DIRECTING ADDITIONAL BRIEFING AND SERVICE UPON CLIENT

On May 20, 2025, the United States submitted a Motion to Withdraw as Counsel requesting the Court order attorneys Ceala Breen-Portnoy, Aziz Ahmad, Kelly Gardner, and Renee Wohlenhaus withdrawn as counsel of record for Plaintiff-Intervenor the United States of America. [Dkt. 339]. In its motion, the United States informs the Court that Mr. Ahmad, Ms. Gardner, and Ms. Wohlenhaus have already left the U.S. Department of Justice; and Ms. Breen-Portnoy will be departing as of May 23, 2025.

Allowing for all four attorneys to withdraw would leave the United States with no counsel of record to represent it in this matter. The Motion states "[t]he United States will identify new counsel at a future date, as staffing permits." The Motion is not accompanied by a memorandum in support providing a legal basis for allowing the United States to proceed as a party in this case for an indefinite period of time without counsel, nor does it show service of process upon the client.

Pursuant to L.U. Civ. R. 83.1(b):

> When an attorney enters an appearance in a civil action, he or she must remain as counsel of record until released by formal order of the court. An attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client, and presented to the judicial officer to whom the case is assigned, together with a proposed order authorizing counsel's withdrawal.

L.U. Civ. R. 83.1(b).

This Court's Local Rules also provide that "At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion." L.U. Civ. R 7(b)(4).

At present, the motion cannot be granted. There is no memorandum brief providing a legal basis for the motion to withdraw and leave the United States of America unrepresented as a party in a civil action. In addition, the motion to withdraw has not been served upon the client.

Accordingly, Plaintiff-Intervenor United States is **ORDERED** to file a memorandum providing the legal basis to its motion to withdraw, which if granted would leave the United States without counsel and proceeding pro se, and showing service of the motion to withdraw upon the client. Such document(s) must be filed on or before May 23, 2025.

SO ORDERED, this the 21st day of May, 2025.

                                                  */s/ Jane M. Virden*
                                                  UNITED STATES MAGISTRATE JUDGE